# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2021

Lyle W. Cayce
Clerk

No. 19-60915
Summary Calendar

Carmen Xiomara Paz-Fernandez; Jose Ramon Martinez-Paz,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 131 897
BIA No. A202 131 898

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Carmen Xiomara Paz-Fernandez and her derivative beneficiary, Jose Ramon Martinez-Paz, are natives and citizens of Honduras. They petition for review of the decision of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing their appeal of an Immigration Judge's (IJ) denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Paz-Fernandez argues the BIA erroneously determined that the harm she suffered did not rise to the level of past persecution, that she did not establish a well-founded fear of future persecution, and that she did not demonstrate that the Honduran government was unable or unwilling to control her persecutor. She further contends the BIA incorrectly concluded that she had not been tortured and ignored evidence showing that local police officers acquiesced to her persecutor's violent acts.

This court reviews the BIA's decision and the IJ's ruling, to the extent it affects the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review factual findings for substantial evidence and legal questions de novo. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Under substantial evidence review, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

The evidence does not compel a conclusion that the police either condone the violent actions of Paz-Fernandez's persecutor or are completely helpless to protect her, particularly considering that she has not sought help from local authorities and merely speculates that they would not protect her because some police officers appear to be friendly with her persecutor. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 231 (5th Cir. 2019). Paz-Fernandez argues that the BIA and IJ erred by requiring her to show conclusive evidence that it would have been futile to report her persecutor to the police, but we do not have jurisdiction to consider this argument because she did not exhaust it before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). Paz-Fernandez's failure to establish that the government is unable or

unwilling to control her persecutor is, on its own, dispositive of her claims regarding both past persecution and her well-founded fear of future persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). Further, because she fails to meet the less stringent standard for asylum, Paz-Fernandez is necessarily unable to establish eligibility for withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

The evidence also does not compel a conclusion that Paz-Fernandez is eligible for CAT relief, as she has not established that the government would consent to her torture. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006); *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). In particular, she has not established that the police would acquiesce in her torture, and the record reflects that the Honduran government is making progress in reducing societal violence. Further, there is no merit to Paz-Fernandez's argument that the BIA erroneously focused on the national government's efforts to curb violence and failed to address her assertion that local police officers allow her persecutor to commit violent acts with impunity. The record makes clear that the BIA considered, but was ultimately unpersuaded by, her allegation that the local police would allow her to be tortured.

The petition for review is DENIED.